UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COUNTY OF STANISLAUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS INDEMNITY COMPANY; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant. | CIV. NO. 1:14-00666 WBS SMS<br><br>ORDER |

----oo0oo----

　　　　This action seeks to resolve disputes regarding a comprehensive general liability policy issued to plaintiff County of Stanislaus by the Insurance Company of the Pacific Coast, which was a former entity of defendant Travelers Indemnity Company. Pursuant to Federal Rule of Civil Procedure 56, both parties moved for summary judgment to establish defendant's obligations under the policy.

　　　　An insurer's duty to defend "arises as soon as tender is made" and is "discharged when the action is concluded" unless

1

it is "extinguished earlier" because the insurer shows "that no claim can in fact be covered." Aerojet-Gen. Corp. v. Transp. Indem. Co., 17 Cal. 4th 38, 58 (1997). When, as is the case here, a policy includes a pollution exclusion and reinstates coverage for "sudden and accidental" pollution, the insured "establishes that [the insurer] is obligated to defend . . . if there is any potential that the release or escape of at least some of the pollutants was 'sudden and accidental.'" Vann v. Travelers Cos., 39 Cal. App. 4th 1610, 1616 (1st Dist. 1995); see generally Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 300 (1993).

To show the potential of a "sudden and accidental" release of pollutants at the Greer Landfill, plaintiff first relies on the May 23, 2007 "South Area Groundwater Investigation Report," which states:

> An employee from Stanislaus County, who was present at the landfill in 1985 and 1986, reported that excavations in the landfill area north of Jantzen Road were dug to depths of approximately 80 feet below grade, which would have potentially immersed landfill waste in the groundwater table when groundwater elevations were high.  In the southern area, waste cells were also dug in the summer close to groundwater.  Again, county staff provided an anecdotal account of a time when rising groundwater was "floating" waste in a cell and additional soil had to be added to ballast the waste.

(Syz Decl. Ex. A at STATRAV7233 (Docket No. 32-3).) Defendant objects to the court's consideration of this evidence because it contains hearsay that plaintiff would be unable to offer in an admissible form at trial and plaintiff has not authenticated the report. (See Docket No. 33-1 at 2:2-3:11.) It is also unclear

2

from the report whether the employee was referring to excavations and immersion of waste that occurred during the coverage period.

As this court has previously discussed, the "current law in the Ninth Circuit is arguably that the rule against hearsay, Fed. R. Evid. 802, applies to evidence submitted in support of and in opposition to a motion for summary judgment." Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006).  Moreover, even if a more lenient standard applies to evidence a non-moving party submits, plaintiff must overcome the pollution exclusion to prevail on its separate motion for summary judgment, and the hearsay rule unequivocally applies to evidence the moving party submits.  See id. at 1121. The Ninth Circuit has also "repeatedly held that 'documents which have not had a proper foundation laid to authenticate them cannot support [or defend against] a motion for summary judgment.'"  Id. at 1120 (alteration in oringial).

Defendant also objects to Exhibits E and F attached to Benjamin Syz's Declaration on several grounds, including that Exhibit E is not authenticated and Exhibit F is an incomplete copy of the report.  (See Docket No. 33-1 at 3:46-24.)  Defendant restates these objections, along with raising other more formulaic objections, in its response to plaintiff's statement of undisputed facts.  (See Docket No. 33-2.)

The court will provide plaintiff with the opportunity to resubmit any evidence to which defendant objects and to show that the evidence "may be presented in an admissible form at trial."  See Burch, 433 F. Supp. at 1120 (emphasis omitted). After plaintiff has resubmitted any evidence, the court will give

3

defendant the opportunity to raise any necessary objections to that evidence.

   IT IS THEREFORE ORDERED that plaintiff shall resubmit any evidence no later than October 9, 2015 and defendant may submit any objections to that evidence no later than October 16, 2015.  The hearing on the cross-motions for summary judgment set for September 21, 2015 is hereby reset for November 2, 2015.

Dated:  September 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE