UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COUNTY OF STANISLAUS,<br><br>          Plaintiff,<br><br>     v.<br><br>TRAVELERS INDEMNITY COMPANY;<br>and DOES 1 through 50,<br>inclusive,<br><br>          Defendant. | CIV. NO. 1:14-00666 WBS SMS<br><br>ORDER RE: MOTION FOR RECONSIDERATION |

----oo0oo----

On November 5, 2015, the court granted plaintiff's motion for summary judgment with respect to defendant's duty to defend and denied defendant's motion for summary judgment with respect to its duty to indemnify and defend. (Nov. 5, 2015 Order (Docket No. 40).) In resolving the cross-motions for summary judgment, the court relied on a declaration from Tom Brower, who represented that he worked at the Greer Road Landfill during the coverage period for the Policy at issue in this case.

Defendant objected to the court's consideration of Tom

1

Brower's declaration only upon the ground that Brower had not been identified in discovery and that discovery had already closed.  The court determined that the drastic sanction of exclusion upon that ground was not merited[1] and instead reopened discovery to allow defendant to depose Brower in order to "address any prejudice defendant may suffer at trial."  (Id. at 12 n.2.)  After the court ruled on the cross-motions for summary judgment, Brower's deposition was taken and he testified at that deposition that he did not begin working at the Greer Road Landfill until after the coverage period.

        Defendant now requests that the court reconsider its order denying defendant's motion for summary judgment in light of this new evidence.  Federal Rule of Civil Procedure 56(d), however, provided defendant with an opportunity to remedy its need to depose Brower for purposes of the summary judgment motions.  See Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

        Defendant did not request an opportunity to depose Brower under Rule 56(d) in order to respond to plaintiff's motion

---

[1] In determining whether the sanction of exclusion is merited, the court considered "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions."  Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997).

1 | and sought only the drastic sanction of exclusion.  Based upon
2 | the evidence presented in support of and opposition to the cross-
3 | motions for summary judgment, the court's ruling on those motions
4 | was correct.  The court will not now use its inherent power to
5 | reconsider interlocutory orders to set aside that ruling.
6 |         IT IS THEREFORE ORDERED that defendant's motion for
7 | reconsideration be, and the same hereby is, DENIED.  Because oral
8 | argument is unnecessary on this motion, the court hereby VACATES
9 | the hearing set for February 22, 2016 pursuant to Eastern
10 | District Local Rule 230(g).
11 | Dated:  February 17, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3